NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS NUNEZ-MIRON, | No. 19-71738 |
| Petitioner, | Agency No. A208-362-561 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Jose Luis Nunez-Miron, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

and denying his motion for a continuance. We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law and we review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Nunez-Miron established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5).

Nunez-Miron did not experience past harm in Mexico. Substantial evidence supports the agency's determination that Nunez-Miron failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Nunez-Miron's withholding of removal claim fails.

Nunez-Miron does not challenge the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not abuse its discretion in denying a continuance for lack of good cause, where approval of Nunez-Miron's U visa application was speculative

2                                                                    19-71738

and removal would not affect his eligibility for the U visa. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a continuance for good cause shown); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (IJ not required to grant a continuance based on speculation).

Nunez-Miron's request to dismiss for lack of jurisdiction is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from initial notice to appear can be cured for jurisdictional purposes by later hearing notice).

As stated in the court's September 12, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**